# EXHIBIT 6

| | |
|---|---|
| NORTH CAROLINA<br><br>WAKE COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>Case No. _____ |
| JEFFERSON GRIFFIN,<br><br>   Petitioner,<br><br>   v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>   Respondent. | **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(Incomplete Voter Registrations)** |

NOW COMES Petitioner the Honorable Jefferson Griffin to move the Court for a Temporary Restraining Order, Preliminary Injunction, and/or Stay against Respondent the North Carolina State Board of Elections pursuant Section 163-182.14(b) of the General Statutes and Rule 65 of the Rules of Civil Procedure. In support of this Motion, Judge Griffin relies on the Petition for Judicial Review and shows the following:

**REQUEST FOR IMMEDIATE RELIEF**

1. The Honorable Jefferson Griffin is the Republican candidate in the 2024 general election for Seat 6 of the Supreme Court of North Carolina. His opponent in the election is the Honorable Allison Riggs, the Democratic candidate for that office.

2. On 19 November 2024, Judge Griffin filed election protests with county boards of election in all 100 of North Carolina's counties. Judge Griffin filed six broad categories of protests.

3. On 20 November 2024, the Board assumed jurisdiction of three categories of protests filed by Judge Griffin, one of which is relevant to this action: protests challenging the ballots cast by individuals who were not lawfully registered to vote (Incomplete Voter Registrations).

4. On 13 December 2024, the State Board issued a written Decision and Order dismissing the three categories of protests filed by Judge Griffin.

5. This action is a petition for judicial review, appealing the State Board's Decision and Order regarding the protests challenging the ballots cast by individuals who were not lawfully registered to vote.

6. When a protest has been filed, the State Board "shall" issue a certificate of election 10 days after the issuance of the State Board's final decision on the protest. N.C. Gen. Stat. § 163-182.15(b)(1).

7. The State Board must issue the certification of election "unless an appealing party obtains a stay of the certification from the Superior Court of Wake County within 10 days after the date of service." N.C. Gen. Stat. § 163-182.14(b).

8. Judge Griffin asks the Court to issue an order staying the certification of his election pending his appeal of the State Board's ruling on his protests challenging the ballots cast by individuals who were not lawfully registered to vote.

**ISSUANCE OF STAY RELIEF**

9. For election protests, "[t]he court shall not issue a stay of certification unless the petitioner shows the court that the petitioner has appealed the decision of the State

2

Board of Elections, that the petitioner is an aggrieved party, and that the petitioner is likely to prevail in the appeal." N.C. Gen. Stat. § 163-182.14(b).

10. In addition, a temporary restraining order and preliminary injunction should be issued "if a plaintiff (1) is able to show likelihood of success on the merits of its case and (2) is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759–60 (1983). This means that a temporary restraining order and preliminary injunction should issue if there is "probable cause for supposing that the plaintiff will be able to maintain his primary [action] and there is a reasonable apprehension of irreparable loss unless [an injunction is] in force." *Id.* at 409, 302 S.E.2d at 764.

11. Here, there is no debate that Judge Griffin has appealed the final decision of the State Board and that he is a party aggrieved by the State Board's rejection of his election protests. He timely filed an appeal with this Court, as required by statute. And because the Board dismissed his election protests, he has been aggrieved by the Board's action.

12. Judge Griffin is also likely to prevail on his appeal for the following reasons:

   a. First, the State Board cannot dismiss the three categories of protests for failure to comply with the State Board's service expectations. The State Board did not have statutory authority to outsource the elections boards' statutory obligation to provide voters notice of protests. Nonetheless, Judge Griffin's service of the protests complied with the State Board's written expectations.

b.  Second, Judge Griffin challenged ballots cast by people who had not lawfully registered to vote because they did not provide their drivers license number or the last four digits of their social security number on their voter application. State law requires a person to provide this information, or state that he lacks such information, before becoming lawfully registered to vote. Despite the plain language of the statutes, the State Board counted thousands of ballots by voters who failed to comply with these registration requirements.

13. Judge Griffin is also likely to suffer irreparable harm if the election is certified during the pendency of his appeal. A temporary restraining order or preliminary injunction is properly issued when there is "reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect the plaintiff's right until the controversy between him and defendant can be determined." *State ex rel. Edmisten v. Challenge, Inc.*, 54 N.C. App. 513, 516, 284 S.E.2d 333, 335 (1981) (citations omitted). "An injury is irreparable, within the law of injunctions, where it is of a peculiar nature, so that compensation in money cannot atone for it." *Hodge v. North Carolina Dept. of Transp.*, 137 N.C. App. 247, 252, 528 S.E.2d 22, 26 (2000) (quotation omitted), *rev'd on other grounds*, 352 N.C. 664, 535 S.E.2d 32 (2000).

14. Here, a certification of the election would moot Judge Griffin's appeal. *In re Protest of Whittacre*, 228 N.C. App. 58, 59, 743 S.E.2d 68, 69 (2013) (observing that "[t]he declaration of election as contained in the certificate conclusively settles *prima facie* the right of the person so ascertained and declared to be elected to be inducted into, and

exercise the duties of the office. . ." and dismissing appeal after issuance of certification as moot) (cleaned up); *see also In re Election Protest of Fletcher*, 175 N.C. App. 755, 759, 625 S.E.2d 564, 567 (2006) (same). In other words, the State Borad's certification of the election would essentially immunize the State Board's decision from judicial review. Moreover, the potentially incorrect certification of the winner of the election—which could place the wrong candidate in Seat 6 of the Supreme Court—is a harm to Judge Griffin and the public for which money could never atone.

15. Petitioner's counsel is providing Respondent with notice of this Motion's request for an immediate temporary relief by emailing a copy to Respondents' counsel.

## RELIEF SOUGHT

Judge Griffin respectfully requests that the Court grant the following relief:

1. Issue a temporary restraining order, preliminary injunction, and/or stay that stays the State Board's certification of the election for Seat 6 of the North Carolina Supreme Court until this court or an appellate court orders otherwise.

2. Grant such other and further relief as the Court deems appropriate.

This the 20th day of December, 2024.

/s/ Craig D. Schauer
Craig D. Schauer
N.C. Bar No. 41571
cschauer@dowlingfirm.com
Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
W. Michael Dowling
N.C. Bar No. 42790
mike@dowlingfirm.com

**DOWLING PLLC**
3801 Lake Boone Trail
Suite 260
Raleigh, North Carolina 27607
Telephone: (919) 529-3351


Philip R. Thomas
N.C. State Bar No. 53751
Chalmers, Adams, Backer & Kaufman, PLLC
204 N Person St.
Raleigh, NC 27601
Telephone: (919) 670-5185
pthomas@chalmersadams.com


*Counsel for the Honorable Jefferson Griffin*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by email on the following counsel:

Terence Steed (MCBabb@ncdoj.gov)
Mary Carla Babb (Tsteed@ncdoj.gov)

*Counsel for the North Carolina State Board of Elections*

Ray Bennett (ray.bennett@wbd-us.com)
Sam Hartzell (sam.hartzell@wbd-us.com)
John Wallace (jrwallace@wallacenordan.com)

*Counsel for Allison Riggs*

Shana Fulton (SFulton@BrooksPierce.com)
Will Robertson (WRobertson@BrooksPierce.com)
James Whalen (JWhalen@BrooksPierce.com)

*Counsel for the North Carolina Democratic Party*

This the 20th day of December, 2024.

/s/ Craig D. Schauer
Craig D. Schauer