UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JEFFERSON GRIFFIN,

    Plaintiff,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS,

    Defendant.

Case No. 5:24-cv-00731-BO

**PROPOSED ANSWER (Lack of Photo Identification for Overseas Voters Petition)**

## NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, SARAH SMITH, AND JUANITA ANDERSON'S PROPOSED ANSWER TO PLAINTIFF'S VERIFIED PETITION FOR JUDICIAL REVIEW (LACK OF PHOTO IDENTIFICATION FOR OVERSEAS VOTERS PETITION)

Proposed Intervenor-Defendants the North Carolina Alliance for Retired Americans ("the Alliance"), VoteVets Action Fund ("VoteVets"), Sarah Smith, and Juanita Anderson (together, "Proposed Intervenors") answer Plaintiff's Verified Petition for Judicial Review ("Lack of Photo Identification for Overseas Voters Petition"),[1] *see* ECF No. 1-12, as follows:

The Petition begins with an unnumbered paragraph to which no response is required. To the extent a response is required, the Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

### INTRODUCTION

1. Proposed Intervenors admit that on December 13, 2024, the State Board of Elections dismissed three categories of election protests and that Plaintiff's Lack of Photo

---

[1] This challenge is sometimes referred to elsewhere as the UOCAVA ID Challenge. Proposed Intervenors refer to it in this Answer as the Lack of Photo Identification for Overseas Voters challenge —as Judge Griffin does in his petition. Proposed Intervenors do not agree, however, that any of the challenged voters were required to submit photo identification to vote in North Carolina.

Identification for Overseas Voters Petition, ECF No. 1-12, seeks judicial review of the State Board's dismissal of one of those protests. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 1 and therefore deny them. The remainder of Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## PARTIES AND NATURE OF THE ACTION

2. Proposed Intervenors admit that Plaintiff is a judge on the North Carolina Court of Appeals, and that he was the Republican candidate in the 2024 general election for Seat 6 of the Supreme Court of North Carolina. The remainder of Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

3. Admitted.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Allison Riggs is the Democratic nominee for associate justice of the North Carolina Supreme Court. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and therefore deny them.

## JURISDICTION AND VENUE

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and deny the remaining allegations in Paragraph 6.

7. Proposed Intervenors admit that on December 13, 2024, the State Board of Elections entered a final decision dismissing three categories of election protests. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 that "the decision was placed in the mail for service on Judge Griffin via FedEx on 13 December 2024," and therefore deny them. The remainder of Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore deny them.

## BACKGROUND

9. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore deny them.

10. The cited document speaks for itself. Further, Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the State Board of Elections assumed jurisdiction over three categories of protests, and deny the remaining allegations in Paragraph 10.

11. Admitted.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit the Board considered the adequacy of Judge Griffin's service of the protests on voters, but otherwise deny the remaining allegations in Paragraph 12.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited code contains the quoted text and deny the remaining allegations in Paragraph 14.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore deny them.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the State Board of Elections concluded, "by a vote of 3 to 2, that the protests were not properly served on affected parties required to receive service of copies of the protest filings and therefore do not substantially comply with N.C.G.S. § 163-182.9," Ex. A, Decision & Order 14, ECF No. 1-12, and deny the remaining allegations in Paragraph 16.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that county election boards accepted ballots from overseas absentee voters pursuant to the rules and requirements issued by the Legislature and State Board. Proposed Intervenors otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny them.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

20. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 20 and therefore deny them. The remainder of Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the State Board of Elections concluded "by a 5 to 0 vote, that this category of protests fails to allege a violation, irregularity, or misconduct in the conduct of the general election," Ex. A, Decision & Order 39, ECF No. 1-12, and deny the remaining allegations in Paragraph 21.

## EXCEPTIONS AND GROUNDS FOR RELIEF

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

23. Proposed Intervenors deny Plaintiff's "exceptions to the decision" of the State Board of Elections.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

25. The cited document speaks for itself. Further, Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

26. The cited document speaks for itself. Further, Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

27. The cited document speaks for itself. Further, Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

28. The cited document speaks for itself. Further, Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

29. The cited document speaks for itself. Further, Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny Plaintiff's "exception."

## RELIEF SOUGHT

Proposed Intervenors deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Verified Petition for Judicial Review that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because they seek relief inconsistent with the United States Constitution.

2. Plaintiff's claims are barred because Plaintiff seeks relief inconsistent with federal and state law.

3. Plaintiff's claims are equitably barred, including (but not limited to) because of laches.

4. Plaintiff has waived the right to bring some or all of his claims.

5. Plaintiff has failed to state an adequate claim for relief.

6. Proposed Intervenors reserve the right to amend this Answer at a later time.

WHEREFORE, having fully answered Plaintiff's Verified Petition for Judicial Review, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss Plaintiff's Verified Petition for Judicial Review;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Verified Petition for Judicial Review and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 30, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Narendra K. Ghosh
　　　　　　　　　　　　　　　　　　　　Narendra K. Ghosh
　　　　　　　　　　　　　　　　　　　　N.C. Bar No. 37649
　　　　　　　　　　　　　　　　　　　　PATTERSON HARKAVY LLP
　　　　　　　　　　　　　　　　　　　　100 Europa Drive, Suite 420
　　　　　　　　　　　　　　　　　　　　Chapel Hill, NC 27217
　　　　　　　　　　　　　　　　　　　　Telephone: (919) 942-5200
　　　　　　　　　　　　　　　　　　　　nghosh@pathlaw.com

　　　　　　　　　　　　　　　　　　　　Lalitha D. Madduri**
　　　　　　　　　　　　　　　　　　　　Christopher D. Dodge*
　　　　　　　　　　　　　　　　　　　　Tina Meng Morrison**
　　　　　　　　　　　　　　　　　　　　James J. Pinchak**
　　　　　　　　　　　　　　　　　　　　Makeba A.K. Rutahindurwa**
　　　　　　　　　　　　　　　　　　　　Julie Zuckerbrod*
　　　　　　　　　　　　　　　　　　　　ELIAS LAW GROUP LLP
　　　　　　　　　　　　　　　　　　　　250 Massachusetts Ave, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 968-4490
　　　　　　　　　　　　　　　　　　　　lmadduri@elias.law
　　　　　　　　　　　　　　　　　　　　cdodge@elias.law
　　　　　　　　　　　　　　　　　　　　tmengmorrison@elias.law
　　　　　　　　　　　　　　　　　　　　jpinchak@elias.law
　　　　　　　　　　　　　　　　　　　　mrutahindurwa@elias.law
　　　　　　　　　　　　　　　　　　　　jzuckerbrod@elias.law

　　　　　　　　　　　　　　　　　　　　*Participating via Notice of Special Appearance*
　　　　　　　　　　　　　　　　　　　　**Notice of Special Appearance Forthcoming*

　　　　　　　　　　　　　　　　　　　　*Counsel for Proposed-Intervenors the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Sarah Smith, and Juanita Anderson*