# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| JEFFERSON GRIFFIN, *Plaintiff*, v. NORTH CAROLINA STATE BOARD OF ELECTIONS, *Defendant*, and ALLISON RIGGS et al., *Intervenor-Defendants*. | Case Nos.    5:24-cv-00731-M <br> 5:24-cv-00699-M <br> 5:25-cv-00193-M |
| NORTH CAROLINA DEMOCRATIC PARTY, *Plaintiff*, v. NORTH CAROLINA STATE BOARD OF ELECTIONS et al., *Defendants*. | **PLAINTIFFS CARRIE CONLEY, LOCKHART WEBB, ELLA KROMM, GABRIELA ADLER-ESPINO AND THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA'S MOTION FOR STAY AND INJUNCTION PENDING APPEAL** |
| CARRIE CONLEY et al., *Plaintiffs*, v. ALAN HIRSCH et al., *Defendants*. | |

Plaintiffs Carrie Conley, Lockhart Webb, Ella Kromm, Gabriela Adler-Espino, and the League of Women Voters of North Carolina (collectively, "Voter Plaintiffs") hereby move for a stay and injunction pending their appeal of the following order entered by the Court on April 14, 2025, in *Conley v. Hirsch*, No. 5:25-cv-00193-M:

> This matter comes before the court on Plaintiff's motion for temporary restraining order [DE 11]. Pursuant to the court's authority under the All Writs Act, the motion is GRANTED IN PART. Defendants are ORDERED to proceed in accordance with the North Carolina Court of Appeals opinion, Griffin v. N.C. State Bd. of Elections, No. COA25-181, 2025 WL 1021724 (N.C. Ct. App. Apr. 4, 2025), as modified by the North Carolina Supreme Court in its April 11 Order, but SHALL NOT certify the results of the election, pending further order of this court.[1]

Specifically, the Voter Plaintiffs move for a stay pending appeal of the portion of the order requiring Defendants "to proceed in accordance with the North Carolina Court of Appeals opinion, Griffin v. N.C. State Bd. of Elections, No. COA25-181, 2025 WL 1021724 (N.C. Ct. App. Apr. 4, 2025), as modified by the North Carolina Supreme Court in its April 11 Order." The Voter Plaintiffs further move for an injunction pending appeal prohibiting Defendants Alan Hirsch, Jeff Carmon, Stacey "Four" Eggers IV, Kevin N. Lewis, and Karen Brinson Bell (collectively, "NCSBE Defendants") from (1) retroactively applying any post-election changes in election procedures to the 2024 Seat Six election to presumptively invalidate, discard, encumber, or otherwise not count the votes cast by the Voter Plaintiffs and all other members of the proposed Class in that election; (2) requiring the Voter Plaintiffs and all other members of the proposed

---

[1] The Court entered substantially the same text order on April 14, 2025, in *North Carolina Democratic Party v. North Carolina State Board of Elections*, No. 5:24-cv-00699-M, and on April 12, 2025, in *Griffin v. North Carolina State Board of Elections*, No. 5:24-cv-00731-M. To the extent that the Voter Plaintiffs must move separately for a stay and injunction pending appeal as to such orders, the Voter Plaintiffs do so here to the same extent and on the same grounds that they move as to the text order in *Conley*, No. 5:25-cv-00193-M.

Class to provide additional "verification" that their votes were lawful in order for those votes to be counted in the 2024 Seat Six election.

The instant Motion is based on the arguments and evidence presented in the Voter Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction and documents in support thereof, *see Conley*, No. 5:25-cv-00193-M, ECF Nos. 11–13, as well as Justice Riggs' Motion for Stay and Injunction Pending Appeal and documents in support thereof, *see Griffin*, 5:24-cv-00731-M, ECF Nos. 47–48, which the Voter Plaintiffs join.

To decide whether to issue a stay or injunction pending appeal, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). "There is substantial overlap between these [factors governing issuance of a stay pending appeal] and the factors governing preliminary injunctions." *Id.* at 434.

As set forth more fully in the briefing cited above, the Voter Plaintiffs are likely to succeed on their claims that the NCSBE Defendants will violate their substantive due process and voting rights by retroactively changing the rules for the Seat Six election, presumptively invalidating their votes on the basis of such retroactive changes, and requiring the Voter Plaintiffs to take additional and burdensome steps to have their lawfully cast votes ultimately counted. The Voter Plaintiffs are also likely to succeed on their claims that the NCSBE Defendants will violate their right to equal protection, as the retroactive changes, presumptive invalidation of votes, and purported "cure" process will apply only to the Voter Plaintiffs and the proposed Class, even though they

2

voted pursuant to the exact same rules as thousands of other voters whose votes are not subject to any such retroactive rule changes, presumptive invalidation, or burdensome steps to "cure."

The balance of harms and equities also tilt decisively in favor of granting the relief requested by the Voter Plaintiffs. Absent a stay and injunction pending appeal—and separate and apart from any certification of the Seat Six election results—the Voter Plaintiffs face immediate and irreparable harms flowing directly from the initial invalidation of their votes and the commencement of the unconstitutional "cure" process." Unlike similarly situated voters in nearly every other North Carolina county, the Voter Plaintiffs will be presumptively disenfranchised unless and until they comply with the NCSBE's burdensome "cure" procedures. In light of the absence of any materially countervailing burdens on the NCSBE, the Voter Plaintiffs respectfully ask the Court to issue a stay and injunction as set forth above and in the accompanying proposed order, pending resolution of the Voter Plaintiffs' appeal of the Court's April 14, 2025 text order.

In the alternative, the Voter Plaintiffs respectfully ask the Court to issue the foregoing relief as a temporary administrative stay and injunction for the purpose of providing the Fourth Circuit with an opportunity to consider whether to grant such relief pending resolution of the Voter Plaintiffs' appeal.[2]

Dated: April 15, 2025

Respectfully Submitted,

/s/ *Jessica A. Marsden*
Jessica A. Marsden

Jessica A. Marsden
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
jess.marsden@protectdemocracy.org

---

[2] The Court should not require any security for any of the foregoing relief to issue. *See, e.g., Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999).

Telephone: (202) 579-4582
Fax: (202) 769-3176
State Bar No. 50855

Anne Harden Tindall
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
anne.tindall@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176
State Bar No. 31569

Samuel Jacob Davis
Election Law Clinic at Harvard Law School
6 Everett Street,
Cambridge, MA, 02138
Telephone: (631) 807-2327
State Bar No. 57289

Hayden Johnson*
Protect Democracy Project
2020 Pennsylvania Avenue NW, Suite #163
Washington, DC 20006
hayden.johnson@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176

John Paredes*
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
john.paredes@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176

Stacey Leyton*
Danielle Leonard*
Juhyung Harold Lee*
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
dleonard@altber.com

4

hlee@altber.com

*Attorneys for Carrie Conley, Lockhart Webb, Ella Kromm, Gabriela Adler-Espino, and the League of Women Voters of North Carolina*

**Notice of special appearance forthcoming*