## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| JEFFERSON GRIFFIN, *Plaintiff*, v. NORTH CAROLINA STATE BOARD OF ELECTIONS, *Defendant*, and ALLISON RIGGS, NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-DURHAM, SARAH SMITH, JUANITA ANDERSON, *Intervenor-Defendants*. | Case No. 5:24-cv-00731-M-RJ (lead) |
| NORTH CAROLINA DEMOCRATIC PARTY, *Plaintiff*, v. NORTH CAROLINA STATE BOARD OF ELECTIONS et al., *Defendants*. | Case No. 5:24-cv-00699-M-KS |
| CARRIE CONLEY et al., *Plaintiffs*, v. ALAN HIRSCH et al., *Defendants*. | Case No. 5:25-cv-00193-M-RJ |

## MEMORANDUM IN SUPPORT OF VOTEVETS ACTION FUND, NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, TANYA WEBSTER-DURHAM, SARAH SMITH, AND JUANITA ANDERSON'S MOTION FOR LEAVE TO FILE AMENDED ANSWERS AND CROSSCLAIMS

**INTRODUCTION**

VoteVets Action Fund, North Carolina Alliance For Retired Americans, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson (collectively, "VoteVets Intervenors") submit this memorandum in support of their motion for leave to amend their answers and to assert crossclaims against the North Carolina Board of Elections ("the Board") pursuant to Federal Rules of Civil Procedure 13 and 15. VoteVets Intervenors seek to update their responsive pleadings to reflect the current posture of this procedurally unique case, and to preserve their right, if necessary, to seek relief against the Board. In support of the motion, VoteVets Intervenors state as follows:

**BACKGROUND**

1. Griffin filed a petition for a writ of prohibition in the North Carolina Supreme Court along with three separate petitions for judicial review in Wake County Superior Court. The Board removed these actions to federal court and noticed them as related cases. *See* Notice of Removal, *Griffin v. N.C. State Bd. of Elections*, Case No. 5:24-cv-00724 (E.D.N.C. Dec. 19, 2024) ("*Griffin I*"), ECF No. 1; *Griffin v. N.C. State Bd. of Elections*, Case No. 5:24-cv-00731-BO (E.D.N.C. Dec. 20, 2024) ("*Griffin II*"),[1] ECF Nos. 1, 2.

2. VoteVets Intervenors promptly moved to intervene as defendants in both *Griffin I* and *Griffin II. See Griffin I*, ECF Nos. 24, 25; *Griffin II*, ECF Nos. 13, 14. This Court granted intervention in *Griffin I*, and the Fourth Circuit granted intervention in this action, *Griffin II*, on appeal on the same day it consolidated the case with the appeals in *Griffin I. See* Text Order, *Griffin I* (Dec. 26, 2024); Order, *Griffin II*, No. 25-01020 (4th Cir. Feb. 4, 2025), Doc. 31. VoteVets

---

[1] This motion distinguishes the appeal and district court proceedings in *Griffin II* by using ECF citations for district court entries and Doc. citations for entries on the Fourth Circuit's docket.

Intervenors previously filed proposed answers to each of Griffin's petitions for review. *See Griffin II*, ECF Nos. 13-7, 13-8, 13-9.[2]

3.      After the Fourth Circuit's February 4 *Pullman* Order, this Court modified its remand order, *Griffin II*, ECF No. 35, and proceedings continued in North Carolina state courts, *see Griffin v. N.C. State Bd. of Elections*, No. COA25-181 (N.C. Ct. App. Apr. 4, 2025). The Supreme Court of North Carolina resolved the parties' petitions for discretionary review on April 11. *See Griffin v. N.C. Bd. of Elections*, No. 320P24-3 (N.C. Apr. 11, 2025).

4.      On April 12, proceedings resumed in this Court when Riggs filed a motion to preliminarily enjoin the Board and Griffin from implementing the cure requirement ordered by the North Carolina courts. *See Griffin II*, ECF No. 37. This Court granted that motion in part and denied the motion in part. *See* Text Orders, *Griffin II* (E.D.N.C. April 12, 2025). Various parties, including VoteVets Intervenors, obtained a stay of those orders from the Fourth Circuit, and briefing continued before this Court on the outstanding federal issues in the case. That briefing is now complete and pending decision by this Court.

5.      Given the updated posture of this case since VoteVets Intervenors first moved to intervene on December 30, 2024, they now seek leave to file amended answers responsive to Griffin's two remaining petitions for review. *See Griffin II*, ECF Nos. 13-7, 13-8. They also seek leave to file crossclaims against the Board to preserve their right to seek relief against the Board, which may be necessary depending on how this Court rules on the pending briefing before it, as well as the resolution of any subsequent appeals of this Court's order. As explained below, these crossclaims are consistent with the federal arguments VoteVets Intervenors have pressed

---

[2] Because Griffin's "Incomplete Registration Petition," *Griffin II* ECF. No. 1-8, was denied by the state courts, it is no longer in contention and VoteVets Intervenors do not seek to amend their answer to that petition.

throughout this case and will have no impact on the completed briefing now pending before the Court.

6.     Counsel for VoteVets Intervenors asked each of the various parties to this consolidated action to provide their position on the instant motion for leave. The State Board of Elections takes no position on this motion. Justice Riggs consents to this motion. Judge Griffin opposes this motion.

## DISCUSSION

7.     Rule 15 of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, amendment requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

8.     VoteVets Intervenors' motion should be granted because it seeks only to (1) update their responsive pleadings to reflect the current posture of this procedurally complicated case; and (2) preserve their right, if necessary, to seek relief against the Board. Those are proper purposes for amendment: "Uniformly, courts have applied Rule 15 liberally, authorizing amendments under a wide variety of conditions with a clear purpose of allowing full development of facts, adjudication of rights and claims, and judicial economy." *McKnight v. Brown*, No. CIV.A.3:06-CV-1589-M, 2007 WL 1219676, at *3 (D.S.C. Apr. 23, 2007) (citing *Ward Electronics Service.*

*Inc. v. First Commercial Bank*, 819 F.2d 496 (4th Cir. 1987)). Allowing amendment here will serve those purposes by ensuring full and efficient adjudication of VoteVets Intervenors' rights and claims in the present consolidated actions. Moreover, none of the reasons for denying a motion for leave apply here. *See Laber*, 438 F.3d at 426.

9.      ***First***, the amendment does not prejudice any of the parties. VoteVets Intervenors do not request separate briefing or rulings that would affect those already contemplated in this Court's April 12 Text Order. The contentions raised in the amended answers mirror those raised in VoteVets Intervenors' motion for summary judgment. *See* ECF. No. 86, 87; *cf. Church Mut. Ins. Co. v. Storm Team Constr., Inc.*, No. 2:21-CV-31-D, 2022 WL 990511, at *6 (E.D.N.C. Mar. 31, 2022) ("An amendment is often prejudicial when it 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [nonmoving party and] is offered shortly before or during trial.'") (quoting *Johnson*, 785 F.2d at 509). Plaintiffs in the cases consolidated with this one have also asserted similar claims. *See* No. 5:24-cv-00699-M-KS, ECF No. 35; No. 5:25-cv-00193-M-RJ, ECF No. 1. Further, VoteVets Intervenors assert crossclaims only against the Board, which takes no position on this motion. *See Pittston Co. v. United States*, 199 F.3d 694, 706 (4th Cir. 1999) (holding erroneous determination of prejudice where defendant did not oppose plaintiff's amendment to add claims to complaint); *Laber*, 438 F.3d at 428 (finding no prejudice to amending after case progressed to summary judgment and there was "no significant discovery").

10.      VoteVets Intervenors have sought summary judgment on their defenses in accordance with the Court's previously ordered briefing schedule. VoteVets Intervenors do not seek immediate adjudication of their crossclaims. The Court's resolution of VoteVets Intervenors' fully briefed summary judgment motion may functionally resolve VoteVets Intervenors'

4

crossclaims, but if it does not or subsequent appeals alter the procedural landscape, VoteVets Intervenors' crossclaims preserve their right, if necessary, to seek further relief against the Board.

11. **Second**, VoteVets Intervenors do not seek to amend in bad faith. VoteVets Intervenors were granted intervention immediately before this case was stayed, in accordance with *Pullman*, pending resolution of state law questions in state court. *See United States v. Mich. Nat'l Corp.*, 419 U.S. 1, 4 (1974) (noting that under *Pullman* "the common practice has been for the district court to retain jurisdiction but to stay proceedings while awaiting a decision in the state courts"). Now that the state court proceedings have concluded and proceedings in this Court have resumed, VoteVets Intervenors seek to have their amended pleadings entered on the docket and to preserve their right to seek relief against the Board if necessary. The procedural history of this action is complex; VoteVets Intervenors seek only to clarify it.

12. **Third**, amending would not be futile. An amendment is futile if it is "clearly insufficient or frivolous on its face." *Church Mut. Ins. Co.*, 2022 WL 990511, at *4 (quoting *Johnson*, 785 F.2d at 510). VoteVets Intervenors' federal law arguments are plainly not frivolous on their face. *See Griffin II*, Doc. 33 (finding no error in this Court's assertion of jurisdiction under 28 U.S.C. § 1443(2)). This Court has not yet ruled on the merits of the federal contentions raised in the proposed amended pleadings. And the Fourth Circuit granted a stay for this Court to adjudicate those very "federal constitutional claims." Order, *Griffin v. Riggs et al.*, No. 25-01397 (4th Cir. April. 22, 2025), Doc. 25. Formalizing them in amended pleadings before the Court rules is therefore not futile.

# CONCLUSION

For the foregoing reasons, the Court should grant VoteVets Intervenors leave to amend their answers and to assert crossclaims.

Date: May 1, 2025

Respectfully submitted,

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri
Christopher D. Dodge
Tina Meng Morrison
James J. Pinchak
Julie Zuckerbrod
ELIAS LAW GROUP LLP
250 Massachusetts Ave, N.W.
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
lmadduri@elias.law
cdodge@elias.law
tmengmorrison@elias.law
jpinchak@elias.law
jzuckerbrod@elias.law

Narendra K. Ghosh
N.C. Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
Telephone: (919) 942-5200
nghosh@pathlaw.com

*Counsel for VoteVets Intervenors VoteVets Action Fund, the North Carolina Alliance for Retired Americans, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

6

**CERTIFICATE OF SERVICE**

On this 1st day of May, 2025, I electronically filed the foregoing using the Court's appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri

*Counsel for VoteVets Intervenors VoteVets Action Fund, the North Carolina Alliance for Retired Americans, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*