UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00731-M

| | |
|---|---|
| JEFFERSON GRIFFIN,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>        Defendant,<br><br>        and<br><br>ALLISON RIGGS, et al.,<br><br>        Intervenor-Defendants. | **STATE BOARD'S<br>RESPONSE TO R. 56(f)(3) ORDER**<br><br>**Case No. 5:24-cv-00731-M** |
| NORTH CAROLINA DEMOCRATIC PARTY,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>        Defendants. | **Case No. 5:24-cv-00699-M** |
| CARRIE CONLEY, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ALAN HIRSCH, et al.,<br><br>        Defendants. | **Case No. 5:25-cv-00193-M** |

Defendants North Carolina State Board of Elections, its members, and its executive director ("State Board") respectfully submit this response to this Court's April 30, 2025 Order directing the parties to notify the Court of their positions regarding the Court's intent to treat the parties' briefs as cross-motions for summary judgment pursuant to Rule 56(f)(3). [D.E. 113].

First, the State Board is in agreement with the Court that no material facts are in dispute with respect to the federal issues to be resolved by the Court which bar the remedial process: substantive due process [D.E. 83, pp. 11-14], procedural due process [*id.*, p. 15], equal protection [*id.*, pp. 15-17], the NVRA [*id.*, pp. 17-18], and the VRA [*id.*, p. 18].[1] However, the State Board does note that facts remain in dispute with respect to the scope of the remedial process, should that process be required. Specifically, after the State Board provided notice to this Court of the scope of the remedial process, including steps describing a process to provide notice to the affected voters [D.E. 61], Judge Griffin responded by notifying this Court of his objection to that process by attaching his filing in the North Carolina Court of Appeals seeking a writ of mandamus or clarification of that court's order.[2] [D.E. 76, 76-1]. The State Board and Justice Riggs responded in the Court of Appeals. *See Griffin v. N.C. State Bd. of Elections*, No. COA25-

---

[1] This is also true with respect to the *Younger* abstention arguments, which should be rejected. [D.E. 99, pp. 2-5].

[2] The State Board dismissed the protests at issue in this case at the preliminary consideration stage on legal grounds prior to an evidentiary hearing. [D.E. 1-4, p. 48]; *see also* N.C.G.S. § 163-182.10(a). Under normal election protest procedures, after a protest survives preliminary consideration, a voter challenged under an election protest would be guaranteed notice and an evidentiary hearing to contest the allegations of ineligibility in the protest. *See* N.C.G.S. § 163-182.10(b)–(c). The order issued by the North Carolina Court of Appeals, as modified by the Supreme Court of North Carolina, does not appear to permit a remand to the State Board for an evidentiary hearing, but does appear to permit the county boards' to identify affected voters and to afford such voters an opportunity to demonstrate their eligibility. *See Griffin v. N.C. State Bd. of Elections*, No. COA25-181, 2025 N.C. App. LEXIS 170 (Ct. App. Apr. 4, 2025). Judge Griffin opposes this interpretation of the order. [D.E. 76-1].

2

181 (both filed Apr. 25, 2025). Thus, factual disputes about the scope and applicability of the remedial process remain, such that if this Court were to order the remedial process to proceed, the State Board would want an opportunity to be heard on those issues. Nonetheless, as stated above, those factual issues are not material to the resolution of the federal issues currently before this Court.

Second, the State Board has no objection to the Court treating the parties' briefing as cross-motions for summary judgment.

Third, the State Board does not require more time to come forward with evidence regarding the federal issues before this Court.

Respectfully submitted this 2nd day of May, 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
tsteed@ncdoj.gov
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6567
Fax: 919-716-6758

*Counsel for State Board Defendants*