# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| JEFFERSON GRIFFIN, <br>    *Plaintiff*, <br> v. <br> NORTH CAROLINA STATE BOARD OF ELECTIONS, <br>    *Defendant*, <br> and <br> ALLISON RIGGS, VOTEVETS ACTION FUND, NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, SARAH SMITH, and JUANITA ANDERSON, <br>    *Intervenor-Defendants*. | Case No. 5:24-cv-00731-M |
| NORTH CAROLINA DEMOCRATIC PARTY, <br>    *Plaintiff*, <br> v. <br> NORTH CAROLINA STATE BOARD OF ELECTIONS et al., <br>    *Defendants*. | Case No. 5:24-cv-00699-M-KS |
| CARRIE CONLEY et al., <br>    *Plaintiffs*, <br> v. <br> ALAN HIRSCH et al., <br>    *Defendants*. | Case No. 5:25-cv-00193-M-RJ |

**JUDGE GRIFFIN'S NOTICE TO THE COURT
IN RESPONSE TO *SUA SPONTE* ORDER**

Judge Griffin files this notice in response to the Court's April 30, 2025 Order. First, Judge Griffin does not object to the Court treating the briefing as cross-motions for summary judgment. Second, Judge Griffin does not require more time to come forward with additional evidence. Third, Judge Griffin agrees with the Court that there are "no issues of material fact," Apr. 30 Minute Order, and the issues raised in this case can be resolved on purely legal grounds. However, because the parties raise various contentions in their briefing, Judge Griffin clarifies why the primary issues in dispute are not "issues of material fact."

1. Movants claim that the North Carolina Supreme Court's judgment implements "after-the-fact changes to election law," and that the court-ordered cure process "constitutes a post-election change to the state's election laws." *E.g.*, VV 1st Br.12. As Judge Griffin explained in his second brief (Doc. 104 at 3-5), the North Carolina courts applied state laws that were in place long before this election, *see* N.C.G.S. §163-230.1; N.C. Const. art.VI, §2(1). Whether the 'law' or 'rules' of the election changed is a legal issue about how "judicial decisions operate," not a factual issue on which there can be a material dispute. *See United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982). And it's an issue the North Carolina Court of Appeals resolved when it "conclude[d]" that state law "require[s] all voters voting absentee in a non-federal election in North Carolina to comply with the photo ID requirement," and that "the challenged 'Never Resident' voters are ineligible to vote in non-federal North Carolina

1

elections" under state law. *Griffin I*, 2025 WL 1021724, at \*12-13 (N.C. Ct. App. Apr. 4, 2025).

2.      Movants claim that the "imposition of a cure process" for the overseas voters who submitted ballots without photo-ID "constitutes an undue burden on their right to vote." *E.g.*, Riggs 1st Br.25. But as a matter of law, a notice-and-cure process *relieves* any potential burdens that result from applying ballot-casting rules. *See* Griffin 1st Br.10-12. And however accurate Movants' speculations about the cure process turn out to be, *e.g.*, LWV 1st Br.3-4, as a matter of law they don't show general burdens on the right of all voters to vote, *see* Griffin 2d Br.10-15.

3.      Movants claim that Judge Griffin "targeted … strategically selected Democratic counties" in filing his petitions. *E.g.*, NCDP 1st Br.21. Operating on a tight timeframe, Judge Griffin filed election contests in the six counties where an election official confirmed that the county board accepted overseas ballots without requiring photo identification. But Judge Griffin's intent is not relevant to whether the North Carolina Supreme Court violated the Constitution. *See* Griffin 3d Br.7-8. Even if it were, "[c]onclusory assertions" about a party's "mind-set and motivation are not enough to withstand summary judgment" on claims of discrimination. *Andrews v. Va. Union Univ.*, 2008 WL 2096964, at \*5 (E.D. Va. May 16, 2008).

In sum, Judge Griffin's position remains that Movants' claims fail as a matter of law.

2

Case 5:24-cv-00731-M-RJ     Document 118     Filed 05/02/25     Page 3 of 5

This 2nd day of May, 2025.           Respectfully submitted,

/s/ *Craig D. Schauer*                /s/ *Thomas R. McCarthy*

Craig D. Schauer                      Thomas R. McCarthy*
N.C. Bar No. 41571                    Conor D. Woodfin*
Troy D. Shelton                       William Bock IV*
N.C. Bar No. 48070                    CONSOVOY MCCARTHY PLLC
W. Michael Dowling                    1600 Wilson Boulevard
N.C. Bar No. 42790                    Suite 700
DOWLING PLLC                          Arlington, VA 22209
3801 Lake Boone Trial                 (703) 243-9423
Suite 260                             tom@consovoymccarthy.com
(919) 529-3351                        conor@consovoymccarthy.com
cschauer@dowlingfirm.com              wbock@consovoymccarthy.com
tshelton@dowlingfirm.com
mike@dowlingfirm.com                  *Appearing under Local Rule 83.1(d)*

*Counsel for Judge Griffin*

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 7.2(f)(2) because it contains fewer than 8,400 words, excluding the parts that can be excluded.

/s/ *Thomas R. McCarthy*

## CERTIFICATE OF SERVICE

I certify that I electronically filed this brief using the Court's CM/ECF system and that I have electronically mailed the documents to all non-CM/ECF participants.

/s/ *Thomas R. McCarthy*