IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON GRIFFIN,<br><br>*Plaintiff*,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS,<br><br>*Defendant*,<br><br>and<br><br>ALLISON RIGGS et al.,<br><br>*Intervenor-Defendants*. | No. 5:24-cv-00731-M-RJ |
| NORTH CAROLINA DEMOCRATIC PARTY,<br><br>*Plaintiff*,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS et al.,<br><br>*Defendants*. | No. 5:24-cv-00699-M-KS |
| CARRIE CONLEY et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALAN HIRSCH et al.,<br><br>*Defendants*. | No. 5:25-cv-00193-M-RJ |

**RESPONSE TO APRIL 30 ORDER BY INTERVENOR-DEFENDANT ALLISON RIGGS**

Intervenor-Defendant Allison Riggs files this notice in response to the Court's statement that it "intends to treat the parties' briefs as cross-motions for summary judgment and enter summary judgment for one or more parties pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure." ECF No. 113 at 2.

Rule 56(f)(3) authorizes the Court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 224 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(f)); *see also ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 524 (2d Cir. 2018) ("In addition to providing notice, a district court is also required to identify for the parties material facts that may not be genuinely in dispute before entering summary judgment *sua sponte*." (cleaned up)).

If the Court is considering summary judgment on a ground not raised by the parties, then it would be improper to enter judgment on that ground since the Court's April 30, 2025, Order identifies no material fact that the Court believes may be undisputed. Without that information, Justice Riggs would not have a meaningful opportunity to defend against that ground.

Justice Riggs does not understand the Court to be considering summary judgment on a new ground. Rather, the Court announced its intent to "treat the parties' briefs as cross-motions for summary judgment." ECF No. 113 at 2. Those briefs present the parties' positions on "the remaining federal issues." Text Order (Apr. 12, 2025). And those positions define the outer bounds of material facts that could be in dispute because the "substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties' briefs reveal sharp factual disputes, including over the cure process outlined by the State Board. *See, e.g.*, Riggs Response Br. at 18 ("The cure process is rife with opportunities for error, including the accidents of the mail system and the disenfranchisement of so-called 'Never

1

Residents,'" who have, in fact, previously lived in North Carolina."), ECF No. 100; Riggs Reply Br. at 3 ("Judge Griffin requests more than just retroactive invalidation: he wants to change the rules only for some military and overseas voters, all without explaining why it would be appropriate to single those voters out for disparate treatment."), ECF No. 107; Riggs Reply Br. at 6 ("The briefs in this case already feature an extensive litany of the challenges uniquely faced by military and overseas voters in complying with the belated cure process—whether it be their remote location, the taxing demands of their occupation, irregular access to mail, or their ongoing responsibilities outweighing a previously unannounced obligation to cure their ballots cast in full compliance with the law in effect during the election."). But those factual disputes are "irrelevant or unnecessary" if they cannot "affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Justice Riggs contends that "federal law bars Judge Griffin's efforts to overturn the State Board's Decision and Order." Riggs Response Br. at 26. If the Court agrees, then summary judgment is appropriate on the current record. The parties have already submitted extensive briefing on those federal issues. And none of the factual disputes—over why Judge Griffin chose to target certain military and overseas voters, whether the "Never Residents" physically lived in North Carolina or expressed an intent to live in North Carolina, the burden on servicemembers stationed overseas, and so forth—could render Judge Griffin's protests compliant with federal law.

If, however, the Court is inclined to hold that federal law permits one or more of Judge Griffin's protests to proceed, then Justice Riggs objects under Rule 56(f)(3). The parties' briefs do not identify any material facts that could support summary judgment against Justice Riggs (or the State Board). If the Court reads those briefs differently, Justice Riggs is entitled to explain why those facts are disputed and to come forward with evidence of that dispute.

2

## CONCLUSION

The Court should enter summary judgment in favor of Justice Riggs (and the State Board) stating that federal law bars Judge Griffin's efforts to overturn the November 2024 general election for Seat 6 on the Supreme Court of North Carolina.

Dated: May 2, 2025

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Raymond M. Bennett*
Raymond M. Bennett
N.C. State Bar No. 36341
Samuel B. Hartzell
N.C. State Bar No. 49256
Zachary N. Bernstein
N.C. State Bar No. 61681
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-2112
ray.bennett@wbd-us.com
sam.hartzell@wbd-us.com
zachary.bernstein@wbd-us.com

*Counsel for Intervenor-Defendant Allison Riggs*