# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| CARRIE CONLEY et al., <br><br>    *Plaintiffs*, <br><br>v. <br><br>ALAN HIRSCH et al., <br><br>    *Defendants.* | |
| JEFFERSON GRIFFIN, <br><br>    *Plaintiff*, <br><br>v. <br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, <br><br>    *Defendant*, <br><br>and <br><br>ALLISON RIGGS et al., <br><br>    *Intervenor-Defendants*. | Case Nos.    5:25-cv-00193-M <br>                  5:24-cv-00731-M (lead) <br>                  5:24-cv-00699-M <br><br> **VOTER PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS** |
| NORTH CAROLINA DEMOCRATIC PARTY, <br><br>    *Plaintiff*, <br><br>v. <br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS et al., <br><br>    *Defendants.* | |

1

# VOTER PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

## I. The Voter Plaintiffs

1. Plaintiff Conley is eligible to vote in North Carolina state elections. ECF 82-2 ("Conley Declaration") at ¶ 1.

2. Plaintiff Conley voted in the November 2024 North Carolina general election, including the race for Seat Six on the North Carolina Supreme Court. Conley Declaration at ¶ 2.

3. Plaintiff Conley was lawfully registered to vote, and qualified by state election officials to vote, prior to and during the 2024 general elections. Conley Declaration at ¶¶ 3-4.

4. When voting in the 2024 general elections, Plaintiff Conley was a covered voter under Article 21A, Chapter 163 of the North Carolina General Statutes, the Uniform Military and Overseas Voters Act ("UMOVA"). Conley Declaration at ¶¶ 5-8.

5. Plaintiff Conley voted absentee in the 2024 general election for Seat Six on the North Carolina Supreme Court in Guilford County while living abroad in Italy, using a state-approved military and overseas online portal. Conley Declaration at ¶¶ 5-8.

6. Plaintiff Webb is eligible to vote in North Carolina state elections. ECF 82-3 ("Webb Declaration") at ¶ 1.

7. Plaintiff Webb voted in the November 2024 North Carolina general election, including the race for Seat Six on the North Carolina Supreme Court. Webb Declaration at ¶ 2.

8. Plaintiff Webb was lawfully registered to vote, and qualified by state election officials to vote, prior to and during the 2024 general elections. Webb Declaration at ¶¶ 3-7.

9. When voting in the 2024 general elections, Plaintiff Webb was a covered voter under Article 21A, Chapter 163 of the North Carolina General Statutes, the Uniform Military and Overseas Voters Act ("UMOVA"). Webb Declaration at ¶¶ 8-9.

10. Plaintiff Webb voted absentee in the 2024 general election for Seat Six on the North Carolina Supreme Court in Guilford County while living abroad in Switzerland, using a state-approved military and overseas online portal. Webb Declaration at ¶¶ 9-10.

11. Plaintiff Kromm is eligible to vote in North Carolina state elections. ECF 82-4 ("Kromm Declaration") at ¶ 13.

12. Plaintiff Kromm voted in the November 2024 North Carolina general election, including the race for Seat Six on the North Carolian Supreme Court. Kromm Declaration at ¶ 2.

13. Plaintiff Kromm was lawfully registered to vote, and qualified by state election officials to vote, prior to and during the 2024 general elections. Kromm Declaration at ¶¶ 2, 4, 6.

14. When voting in the 2024 general elections, Plaintiff Kromm was a covered voter under Article 21A, Chapter 163 of the North Carolina General Statutes, the Uniform Military and Overseas Voters Act ("UMOVA"). Kromm Declaration at ¶ 7.

15. Plaintiff Kromm voted absentee in the 2024 general election for Seat Six on the North Carolina Supreme Court in Durham County while living abroad in Spain, using a state-approved military and overseas online portal. Kromm Declaration at ¶¶ 7-8.

16. Plaintiff Adler-Espino is eligible to vote in North Carolina state elections. *Conley v. Hirsch*, No. 5:25-cv-00193, ECF 12-10 ("Adler-Espino Declaration") at ¶ 1.

17. Plaintiff Adler-Espino voted in the November 2024 North Carolina general election, including the race for Seat Six on the North Carolina Supreme Court. Adler-Espino Declaration at ¶ 2.

18. Plaintiff Adler-Espino was lawfully registered to vote, and qualified by state election officials to vote, prior to and during the 2024 general elections. Adler-Espino Declaration at ¶¶ 6-9.

19. When voting in the 2024 general elections, Plaintiff Adler-Espino was a covered voter under Article 21A, Chapter 163 of the North Carolina General Statutes, the Uniform Military and Overseas Voters Act ("UMOVA"). Adler-Espino Declaration at ¶¶ 10-12.

20. Plaintiff Adler-Espino voted absentee in the 2024 general election for Seat Six on the North Carolina Supreme Court in Craven County while living abroad in Japan, using a state-approved military and overseas online portal. Adler-Espino Declaration at ¶ 13.

21. Plaintiff League of Women Voters of North Carolina is a nonpartisan, nonprofit organization working to protect and expand voting rights and ensure everyone is represented in our democracy. Plaintiff League of Women Voters of North Carolina works to accomplish this mission, in part, by encouraging North Carolina citizens to register to vote, including by assisting them with understanding the process, and promoting robust civic participation through voter education and assistance to facilitate participation in the electoral process. *Conley*, 5:25-cv-00193, ECF 12-6 ("First Rubin Declaration") at ¶¶ 5-6.

22. The votes cast by Plaintiffs Conley, Webb, and Kromm—as well as votes cast by members of Plaintiff League of Women Voters of North Carolina—are among the group of votes challenged by Griffin based on election officials' acceptance of ballots cast by military and overseas voters under the UMOVA without requiring them to submit a copy of their photo ID. Conley Declaration at ¶¶ 12-13; Webb Declaration at ¶¶ 14, 19; Kromm Declaration at ¶¶ 14-20; First Rubin Declaration at ¶¶ 12-14; ECF 82-6 ("Pierce Declaration") at ¶¶ 16-17.

23. Plaintiffs Conley, Webb, Kromm, and Adler-Espino, as well as members of Plaintiff League of Women Voters of North Carolina, followed instructions communicated to them by election officials when casting their absentee ballots in the 2024 Seat Six general election, including the instruction that they did not need to submit a copy of their photo ID when voting. State

4

officials did not provide military and overseas voters with any official mechanism to submit a copy of their photo ID when voting absentee in the 2024 Seat Six general election. Conley Declaration at ¶ 9-11; Webb Declaration at ¶¶ 11-13; Kromm Declaration at ¶¶ 9-12; Adler-Espino Declaration at ¶¶ 14-17; Pierce Declaration at ¶¶ 11-14.

24. Griffin challenged votes cast by military and overseas voters in four counties—Buncombe, Durham, Guilford, and Forsyth—that are significantly more likely to include Democratic voters compared to the voters in the rest of North Carolina's 96 counties who are not contested. Although more Republicans cast a ballot in North Carolina in the 2024 general election than Democrats, Democrats were almost five times more likely to have their ballots challenged than Republicans (4.7 times). Unaffiliated voters were 4.9 times more likely to have their ballots challenged than Republicans. *Conley*, No. 5:25-cv-00193, ECF 12-8 (Expert Report of Christopher A. Cooper, PhD) at 3-4.

## II. The settled understanding of North Carolina's Voter ID law prior to and during the 2024 general elections

25. In implementing North Carolina's voter ID law prior to the 2024 elections, Defendants made clear, in a unanimously adopted administrative rule titled "Exception for Military and Overseas Voters," that overseas and military voters were "not required to submit a photocopy of acceptable photo identification" when voting absentee. *See* ECF 82-8 ("Second Johnson Declaration") at ¶ 2; *see also* 08 N.C. Admin. Code 17.0109(d).

26. This rule was approved without comment by the Joint Legislative Oversight Committee on General Government in their March 2024 meeting. Second Johnson Declaration at ¶ 3.

27. The NCGOP raised no objection to this aspect of the NCSBE's administrative rule while it was pending. The NCGOP did provide comment on other aspects of the rule that the NCSBE was considering, but not the rules for UMOVA voters. *See* Public Comments at 38-44,

*Republican National Committee and the North Carolina Republican Party public comment on proposed administrative rules* (Jan. 16, 2023), https://perma.cc/J466-B9GA.

28. The NCSBE adopted the rule from a nearly identical temporary rule put in place on August 23, 2019, soon after the General Assembly had initially enacted the photo ID requirement for domestic absentee voters. *See* Second Johnson Declaration at ¶ 22; Enactment of Temporary Rule 08 N.C. Admin. Code 17.0109 (Dec. 16, 2019) (summarizing temporary rulemaking process), https://perma.cc/4D7A-K2LJ.

29. In March 2024, this rule was approved unanimously by the Rules Review Commission, an agency appointed by state legislative leaders that is required to object to rules proposed by an administrative agency if those rules exceed the authority of the agency to adopt them. The rule became a permanent rule effective April 1, 2024. Second Johnson Declaration at ¶ 2.

30. The NCSBE informed military and overseas civilian voters on its website that they were authorized to "vote for all federal, state, and local contests" without any requirement that they provide a copy of their photo ID. The NCSBE explicitly stated, in response to the inquiry "Is photo ID required for military and overseas voters (aka, UOCAVA voters)?", "No. Photo ID is not required for military or overseas voters who vote using special absentee voting procedures that federal law makes available for such voters." Second Johnson Declaration at ¶ 4.

31. On September 19, 2024, the NCSBE issued a press release titled "In NC, Absentee Voting Begins Friday for the 2024 General Election." The press release states that "Absentee voters, **with the exception of military and overseas citizen voters**, must provide a photocopy of an acceptable form of photo ID when they return their ballot or fill out and return the Photo ID

Exception Form that comes with the ballot materials" (emphasis added). Second Johnson Declaration at ¶ 5.

32. Prior to the 2024 general elections, the Forsyth County Board of Elections maintained a webpage titled "10 Facts About NC's Photo ID Requirement for Voting." The webpage states that "**Photo ID is not required for military or overseas voters who vote using special absentee voting procedures that federal law makes available for such voters**" (emphasis added). Second Johnson Declaration at ¶ 15.

33. The Forsyth County Board of Elections also published an "Absentee Voting Quick Guide" on its website. The guide separately details absentee voting instructions for overseas citizens and for civilians. A photo ID requirement is listed for civilian absentee voters but appears nowhere in the instructions for overseas citizens. Second Johnson Declaration at ¶ 18.

34. Prior to the 2024 general elections, the Guilford County Board of Elections website contained a page with voting information for "Military and Overseas Citizens." The webpage sets out the two absentee voting processes separately, one for overseas and military voters and one for domestic civilian voters. It states that a photocopy of voter ID is required only for domestic civilian absentee. The website also shows the online transmission option for overseas voters, called the UOCAVA portal. Second Johnson Declaration at ¶ 16.

35. The Guilford County Board of Elections also maintained a page on its website titled "Photo ID Information." For specific details on use of photo ID for voting, the Guilford County website directs voters to the NCSBE Voter ID Overview webpage. That NCSBE webpage states, "Military and overseas voters casting ballots under special provisions for these voters are not required to submit a photocopy of their ID or an ID Exception Form when returning

7

their ballot. See Photo Identification for Absentee-By-Mail Ballots (08 NCAC 17 .0109(d)).”
Johnson Declaration at ¶ 25.

36. Prior to the 2024 general elections, the Buncombe County Board of Elections maintained a webpage that lists separate instructions for domestic civilian absentee voters and the distinct overseas and military absentee voters. The webpage states, when describing the process for domestic civilian voters, that "Voters who vote by mail must include a photocopy of an acceptable ID when returning their ballot, or they may complete an ID Exception Form." No such guidance is provided for military and overseas voters. Second Johnson Declaration at ¶ 17.

37. The Buncombe County Board of Elections also maintained a website titled "Everything You Need to Know About Voting in the 2024 General Election in Buncombe County." The page states "Below you will find information from the State Board of Elections on what IDs will be accepted, how to get a photo ID, how to vote without a photo ID, and more." The Buncombe County website directs voters to the NCSBE page titled "10 Facts About NC's Photo ID Requirement for Voting," which states that "Photo ID is not required for military or overseas voters who vote using special absentee voting procedures that federal law makes available for such voters." Second Johnson Declaration at ¶ 28.

38. Prior to the 2024 general elections, the Durham County Board of Elections website contained a page titled "Voter ID." The page states that "All details related to photo identification in North Carolina can be found on the Voter ID page created by the State Board of Elections! To access all the details on the NC voter photo identification requirements, click the links below." The Durham County website directs voters to the NCSBE Voter ID Overview webpage. That NCSBE webpage states, "Military and overseas voters casting ballots under special provisions

for these voters are not required to submit a photocopy of their ID or an ID Exception Form when returning their ballot. See Photo Identification for Absentee-By-Mail Ballots (08 NCAC 17 .0109(d))." Second Johnson Declaration at ¶ 26.

39. The Durham County Board of Elections also maintained a webpage titled "Absentee Voting." In the "Frequently Asked Questions" section of the page, the question "Is ID required for absentee by-mail voting?" is answered by the following: "Yes. *Civilian* absentee voters are required to submit a photocopy of acceptable photo ID or an ID Exception Form along with their by-mail ballot. Click here for more information on photo ID for absentee-by-mail voters" (emphasis added). The link included in that response directs voters to the NCSBE Voter ID Overview webpage, which further clarifies that "Military and overseas voters casting ballots under special provisions for these voters are not required to submit a photocopy of their ID or an ID Exception Form when returning their ballot. See Photo Identification for Absentee-By-Mail Ballots (08 NCAC 17 .0109(d))." Second Johnson Declaration at ¶ 28.

40. Prior to the 2024 general elections, the NCSBE maintained a webpage titled "Detailed Instructions to Vote by Mail." This guidance informed domestic civilian absentee voters to "Place a copy of an eligible photo ID in the clear sleeve on the back of your ballot envelope," but provided no such instruction for military and overseas voters covered by the UMOVA. Second Johnson Declaration at ¶ 20.

41. The NCSBE also published voting instructions for military and overseas voters using the Federal Write-In Absentee Ballot to vote, which contained no instructions regarding a photo ID requirement. Second Johnson Declaration at ¶ 21.

42. The NCSBE also published a memo specifying that, for domestic civilian voters, there is a "clear sleeve on the ballot envelope used for including the photo ID documentation." There is no such instruction for military and overseas voters. Second Johnson Declaration at ¶ 23.

### III. Post-election changes to North Carolina's Voter ID law

43. On November 19, 2024, after votes were cast and while the recount process was ongoing, Griffin—along with three other Republican candidates who lost close state legislative races—filed hundreds of protests across the state alleging that tens of thousands of general election voters' ballots were invalid. Second Johnson Declaration, Ex. I.

44. On November 20, 2024, the NCSBE conducted an emergency meeting and resolved to take jurisdiction pursuant to its statutory authority under N.C. Gen. Stat. § 163-182.12 over Griffin's protests challenging votes cast by military and overseas voters under the UMOVA.

45. The NCSBE conducted a public hearing on December 11, 2024. Second Johnson Declaration, Ex. I at 1.

46. On December 13, 2024, the NCSBE issued an order dismissing Griffin's protests. Second Johnson Declaration, Ex. I.

47. On February 7, 2025, the Wake County Superior Court affirmed the NCSBE's dismissal of each category of protests filed by Griffin after the 2024 election, concluding that the NCSBE's dismissals were "not in violation of constitutional provisions . . . not in excess of statutory authority or jurisdiction of the agency . . . made upon lawful procedure, and . . . not affected by other error of law." *See* Order, *Griffin v. N.C. State Bd. Elections*, No. 24CV040619-910 (Wake Cnty. Sup. Ct. Feb. 7, 2025), https://perma.cc/X9Z2-EBCW; Order, *Griffin v. N.C. State Bd. Elections*, No. 24CV040620-910 (Wake Cnty. Sup. Ct. Feb. 7, 2025),

https://perma.cc/9G8N-DKSC; Order, *Griffin v. N.C. State Bd. Elections*, No. 24CV040622-910 (Wake Cnty. Sup. Ct. Feb. 7, 2025), https://perma.cc/MSJ8-7LYD.

48. On April 4, 2025, a majority of a three-judge panel of the North Carolina Court of Appeals issued a decision reversing the Wake County Superior Court's affirmance of the NCSBE's dismissal of Griffin's protests. This decision was the first time any state official or entity publicly announced that North Carolina's voter ID law applied to military and overseas voters covered by the UMOVA. *See Griffin v. N.C. State Bd. Elections*, No. COA25-181 (Apr. 4, 2025), https://perma.cc/264D-U84T.

49. On April 11, a 4-2 majority of the Supreme Court upheld the court of appeals order that presumptively disenfranchised Plaintiffs and the putative class of UMOVA List voters. Two justices dissented from the majority's treatment of military and overseas voters. *See* Order, *Griffin v. N.C. State Bd. of Elections*, No. 320P24-3 (N.C. Apr. 11, 2025).

### IV. The disqualify-then-cure process

50. Plaintiff Conley received no communication or notice of the challenge to her vote in the North Carolina Supreme Court race from Griffin or the North Carolina Republican Party. Conley Declaration at ¶ 14.

51. Plaintiff Webb received no communication from the Guilford County Board of Elections, the North Carolina State Board of Elections, Jefferson Griffin, or the North Carolina Republican Party about Griffin's challenge to her ballot. Webb Declaration at ¶ 18.

52. Plaintiff Webb will face difficulties receiving notices regarding the disqualify-then-cure process and providing requested information to election officials because she is in the process of moving back to Guilford County and no longer living at the Switzerland address on file at the Guilford County Board of Elections. Webb Declaration at ¶¶ 15-16.

53. Plaintiff Kromm received no communication from the Durham County Board of Elections, the North Carolina State Board of Elections, Jefferson Griffin, or the North Carolina Republican Party about Griffin's challenge to her ballot. Kromm Declaration at ¶¶ 19-20.

54. To determine if their ballots were among the group of military and overseas votes challenged by Griffin, voters were required to access a webpage using a QR code that contained approximately 333 individual pdfs voters would have to navigate to try to learn more information about whether they are protested, by whom, and on what basis. Second Johnson Declaration at ¶ 12.

55. If the disqualify-then-cure process is allowed to proceed, Plaintiff League of Women Voters of North Carolina will divert resources from other programming to help ensure that overseas and military voters will have their votes counted in the 2024 Seat Six general election. First Rubin Declaration at ¶ 17; ECF 82-5 (Second Declaration of Jennifer Rubin) at ¶¶ 8-17.

Dated: May 2, 2025

Respectfully Submitted,

/s/ *Samuel Jacob Davis*
Samuel Jacob Davis
Election Law Clinic at Harvard Law School
6 Everett Street,
Cambridge, MA, 02138
Telephone: (631) 807-2327
State Bar No. 57289

Hayden Johnson*
Protect Democracy Project
2020 Pennsylvania Avenue NW, Suite #163
Washington, DC 20006
hayden.johnson@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176

John Paredes*
Protect Democracy Project
82 Nassau Street, #601
New York, NY 10038
john.paredes@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176

Jessica A. Marsden
Protect Democracy Project
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
jess.marsden@protectdemocracy.org
Telephone: (202) 579-4582
Fax: (202) 769-3176
State Bar No. 50855

Stacey Leyton*
Danielle Leonard*

Juhyung Harold Lee*  
Altshuler Berzon LLP  
177 Post Street, Suite 300  
San Francisco, CA 94108  
Telephone: (415) 421-7151  
Fax: (415) 362-8064  
sleyton@altber.com  
dleonard@altber.com  
hlee@altber.com  

Anne Harden Tindall  
Protect Democracy Project  
510 Meadowmont Village Circle, No. 328  
Chapel Hill, NC 27517  
anne.tindall@protectdemocracy.org  
Telephone: (202) 579-4582  
Fax: (202) 769-3176  
State Bar No. 31569  

*By special appearance or notice of special appearance forthcoming

## CERTIFICATE OF SERVICE

On this 2nd day of May, 2025, I electronically filed the foregoing document using the court's CM/ECF system.

/s/ Samuel Jacob Davis
Samuel Jacob Davis
